IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN HAGER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK | : | NO. 23-3536 |

MEMORANDUM

Bartle, J. January 22, 2024

Plaintiff Bryan Hager originally sued his former employer National Railroad Passenger Corporation a/k/a Amtrak[1] in the Court of Common Pleas of Philadelphia County. Amtrak timely removed this action to this court pursuant to 28 U.S.C. § 1331.

Plaintiff claims in his amended complaint that Amtrak unlawfully terminated him in February 2023 in retaliation for reporting to his supervisor about waste, fraud, and safety violations. He seeks damages under the Pennsylvania Whistleblower Law, 43 P.S. §§ 1421, et seq., and also under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq. Before the court is the motion of Amtrak to compel arbitration and to stay proceedings under Rule 12(b)(6) of the Federal Rules of Civil Procedure or in the alternative under Rule 56. After the

---

1. Amtrak was incorporated by Congress on May 1, 1971. It operates as a for-profit business corporation, but the United States Secretary of Transportation holds all of Amtrak's preferred stock and most of its common stock. See Dep't of Transp. v. Ass'n of Am. R.R.s, 575 U.S. 43, 51 (2015).

motion was filed, the court granted the parties forty-five days to engage in relevant discovery.

I

It is undisputed that Amtrak employed plaintiff, who has worked out of 30th Street Station in Philadelphia since February 2015. For several years he was assigned to laying ties and track and later became a foreman for Amtrak's tie gang. In July 2021, he submitted an online job application for the position of Assistant Production Engineer. As part of the application, he was required to select "I agree" in response to the statement: "By submitting this application, I am acknowledging that I have read and that I agree to be legally bound by Amtrak's Arbitration Agreement, which is a condition of this application and any subsequent employment with Amtrak (except employment in a position covered by a collective bargaining agreement)." A copy of the Arbitration Agreement was available for him to review on his computer before he agreed to be bound by it.

It was not possible to complete his online job application unless he agreed to be bound by the Arbitration Agreement. It was also necessary for him to type his full name on the application before it could be transmitted to Amtrak for review. Upon hiring plaintiff as Assistant Production Engineer on September 13, 2021, Amtrak provided him with a copy of the

Arbitration Agreement. As with his previous positions, he continued to work out of 30th Street Station.

II

Where arbitrability is not apparent on the face of the complaint, a motion to compel arbitration is judged under the summary judgment standard of Rule 56(a). See Guidotti v. Legal Helpers Debt Res., L.L.C., 716 F.3d 764, 774-75 (3d Cir. 2013). Here, limited discovery regarding the existence of an arbitration agreement has occurred, and thus the Rule 56(a) standard is applicable. Id.

A motion to compel arbitration should be granted as a matter of law only where "there is no genuine dispute of material fact when viewing the facts in the light most favorable to the nonmoving party." Aliments Krispy Kernels, Inc. v. Nichols Farms, 851 F.3d 283, 288-89, 289 n.10 (3d Cir. 2017) (citing Flintkote Co. v. Aviva PLC, 769 F.3d 215, 219 (3d Cir. 2014)). The decision is effectively a "summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 528 (3d Cir. 2009).

III

Defendant, in support of its motion, relies on the arbitration agreement to which plaintiff agreed in his online

application for employment. Plaintiff counters that the identity of the arbitration agreement to which he agreed has not been established as defendant produced two slightly different agreements in response to discovery requests. This issue, however, is easily resolved. One arbitration agreement adds to the list of claims excluded from arbitration any dispute "that may not be subject to pre-dispute arbitration agreements under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act[.]" That Act, which amended the Federal Arbitration Act, was not enacted until March 3, 2022. 9 U.S.C. § 402(a). As plaintiff was hired as an Assistant Production Engineer on September 13, 2021, that arbitration agreement was not in existence at that time. Thus, it is clear that the arbitration agreement without that exclusion is the operative document. There is no genuine dispute of material fact that plaintiff entered into an employment contract with Amtrak which contained the earlier arbitration agreement. See Morales v. Sun Constructors Inc., 541 F.3d 218, 221 (3d Cir. 2008).

Both parties rely on the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ("FAA"). Congress enacted the FAA in 1925 to thwart hostility to arbitration under state law. See Southland Corp. v. Keating, 465 U.S. 1, 14 (1984). The FAA preempts conflicting state law, that is state law that invalidates arbitration agreements. Allied-Bruce Terminix Cos.,

Inc. v. Dobson, 513 U.S. 262, 272 (1995). Defendant argues that the FAA compels arbitration while plaintiff argues that it prohibits arbitration.

Section 2 of the FAA provides in relevant part that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4.

9 U.S.C. § 2.

Section 2 of the FAA created substantive federal law. Southland Corp., 465 U.S. at 16. The Supreme Court has held that the term "involving commerce" in Section 2 extends to the full extent of the reach of the commerce clause of the Constitution. Allied-Bruce, 513 U.S. at 277.

Section 1 of the FAA limits the reach of Section 2. Section 1 provides that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Whether the contract of employment falls with the scope of the FAA's exclusion is a matter for the court to determine in the first instance even if the arbitration agreement delegates the issue of arbitrability to the

arbitrator. New Prime Inc. v. Oliveira, 139 S. Ct. 532, 537 (2019).

Plaintiff maintains that the language prohibits pre-dispute arbitration agreements by railroad workers. He is incorrect. The plain reading of Section 1 demonstrates that the FAA does not apply in any way to employment contracts of railroad workers. While the FAA cannot be a basis to compel plaintiff to arbitrate, it says nothing to prevent plaintiff as a railroad worker from consenting to arbitrate disputes or from being bound by state law which allows for such arbitration.

Defendant argues that in consenting to the Arbitration Agreement plaintiff has agreed to the application of the FAA to resolve his dispute. The Arbitration Agreement states:

> Amtrak and Employee expressly agree and stipulate that the Federal Arbitration Act (9 U.S.C. § 1 et seq.) will apply to this Agreement, which evidences a transaction involving commerce. If the Federal Arbitration Act does not apply, Amtrak and Employee mutually stipulate and agree that the Texas Arbitration Act will apply. If the Texas Arbitration Act does not apply, Amtrak and Employee mutually stipulate and agreement that the applicable state arbitration act, if any, of the state where the dispute took place will apply.

As noted above, the Supreme Court has held that it is for the court to decide whether the parties' contract of employment falls within the ambit of the FAA. See New Prime, 139 S. Ct. at 537. This court has determined as a matter of law that it does

not. In any event, the Arbitration Agreement at best equivocates as to whether the parties have agreed to invoke the FAA as the agreement goes on to provide multiple options if the FAA does not apply.

Accordingly, the court must turn to the law of Pennsylvania, which has a long history favoring arbitration. See e.g., Ross Dev. Co. v. Advanced Bldg. Dev., Inc., 803 A.2d 194, 196 (Pa. Super. 2002); Bashford v. W. Miami Land Co., 154 A. 678 (Pa. 1928). No Pennsylvania law has been cited which forbids an arbitration agreement between an employer and an employee. Indeed, Pennsylvania has adopted the Revised Statutory Arbitration Act, 42 Pa. C.S. §§ 7301.1, et. seq. This Act governs all agreements to arbitrate made on or after July 1, 2019. Id. at § 7321.4(a). The employment contract here was dated thereafter. Under that Act, parties may agree to have an arbitrator decide the issues of arbitrability as well as of validity and enforceability, including the matter of unconscionability. See 42 Pa. C.S. §§ 7321.5(a), 7321.7(b) and (e).

Plaintiff argues that if the FAA does not govern the Arbitration Agreement, the court should void the agreement as unconscionable under state law. The Arbitration Agreement, however, provides for the arbitrator to decide threshold questions of arbitrability as well as issues of validity,

enforceability, and unconscionability. It states in paragraph 12.0 that "the arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the validity, applicability, enforceability, unconscionability or formation of this agreement." Consistent with Pennsylvania law, the parties have decided that the issue of unconscionability, among others, is for arbitrator and not the court. See 42 Pa. C.S. §§ 7321.5(a), 7321.7(e)(1). If the arbitrator rules that the Arbitration Agreement is unconscionable, plaintiff's claims will then be adjudicated by the court. If the arbitrator rules otherwise, the arbitrator will then proceed to resolve plaintiff's claims.

Defendant has met the standard under Rule 56(a) to prevail on its motion to compel arbitration. The court will stay this action pursuant to § 7321.8(f) of the Pennsylvania Revised Statutory Arbitration Act pending resolution of plaintiff's claims by arbitration.